IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

JOE D. MANGRUM

  Plaintiff

v.

ALABAMA MEDICAID AGENCY; et al.

  Defendants.

)
)
)
)
)
)
)
)
)

Case No:  3:06 CV 952-MEF

### DEFENDANTS ALABAMA MEDICAID AGENCY'S
### AND COMMISSIONER'S
### MOTION TO DISMISS

Pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure, Defendants, the Alabama

Medicaid Agency and Commissioner (Medicaid) move the Court to dismiss the Complaint

against them.  In support of this motion, Medicaid respectfully states as follows:

The complaint should be dismissed pursuant to res judicata due to the fact that Plaintiff

filed a prior action on December 13, 2001 with this Court which involved the same claim

and cause of action as Plaintiff is pleading in this case. (Attachment A)  Federal law

permits res judicata to be appropriate for a 12 (b)(6) motion to dismiss. *Mansel v*

*Builders Gypsum Supply*, 2006 WL 3062898 (W.D. Tex). *Colonial Mortgage Bankers*

*Corp. v Lopez-Stubbe*, 324 F. 3d 12. (1ST Cir. 2003)  A dismissal under 12 (b)(6) motion

is appropriate where the elements of res judicata are apparent on the face of the pleadings. *Mansel* at page 2.

2. The doctrine of res judicata requires four elements: (1) the prior action was concluded by a final judgment on the merits; (2) the parties are identical or in privity; (3) the judgment in the prior action was rendered by a court of competent jurisdiction; and (4) the same claim or cause of action was involved in both cases. *See, Mansel,* page 2. In this case, all four elements have clearly been met. Plaintiff sued in December 2001 the identical parties as Plaintiff is suing in this instant case. The Defendant in both cases was the Alabama Medicaid Agency and the Alabama Medicaid Agency Commissioner. The prior 2001 case was dismissed pursuant to Medicaid's Motion To Dismiss. The prior 2001 complaint was concluded by a final judgment on the merits. (Attachment B). **The judgment was rendered by this same Court of competent jurisdiction.**

The same identical cause of action is being raised in the instant case that was raised in the 2001 case. In both cases, Plaintiff is suing for Defendant's failure to pay for Plaintiff's prescription drugs under the Qualified Medicare Beneficiary (QMB) program. In the 2001 complaint, Plaintiff claimed Defendant failed to pay for his drugs under the QMB program for the time period 1994 through September 2001. In the current complaint, Plaintiff is suing for Defendant's failure to pay Plaintiff's prescription drugs under the QMB program for the time period 1993 through 2002. Plaintiff alleges in both the 2001

2

case and the instant case that he was discriminated against by Defendant on the basis of his disability. The time period in which Plaintiff alleges his drugs should have been paid for is identical to the 2001 case with the exception that the instant complaint starts one year earlier and ends one year later. Clearly, this is the same issue which was addressed or should have been addressed in the 2001 case.

It is clear that the 2001 case and the instant case arise from the same occurrence of Plaintiff claiming his drugs should have been paid for during these time periods under Medicaid's QMB program. Therefore, Plaintiff should be barred pursuant to res judicata from pursuing this instant case because it has already been heard and decided by this same Court.

3. Plaintiff's complaint also fails to state a claim upon which relief can be granted by this Court because the Plaintiff was not entitled to have his prescription drugs paid by Defendant while Plaintiff was only QMB eligible. The QMB program is a limited program which pays only Part B Medicare premiums deductibles and co-insurance. The QMB program does not cover drugs. Plaintiff was eligible for only QMB during the times he alleges his drugs should have been covered by Medicaid. Therefore, since Plaintiff can not be awarded drug coverage under the QMB program, there is no relief to which the Court can grant Plaintiff. Plaintiff became eligible for Continuous Medicaid in

3

January 2002, which such program covered Plaintiff's drugs. Prior to this time Plaintiff

only qualified for the QMB program which does not cover drugs.

WHEREFORE, Defendant requests this Honorable Court grant Defendant's Motion to Dismiss

based upon the grounds of res judicata and failure to state a claim upon which relief can be

granted.

Respectfully submitted November 14th, 2006.

                                        TROY KING
                                        Attorney General


                                        Stephanie McGee Azar (MCG048)
                                        Assistant Attorney General

Alabama Medicaid Agency
501 Dexter Avenue
Montgomery, Alabama, 36104
(334) 242-5126
Fax (334) 353-3907
Email: stephanie.azar@medicaid.alabama.gov

**Certificate of Service**

I hereby certify that on the 14th of November 2006, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

I also hereby certify that I have mailed the foregoing document by United States Postal Service to the following:

Joe D. Mangrum
120 Henderson Drive, A-144
Camp Hill, Alabama 36850-0762

# United States District Court

MIDDLE — **DISTRICT OF** — ALABAMA

Joe Donald Mangrum
    Plaintiff,

## SUMMONS IN A CIVIL CASE

       **V.**

CASE NUMBER:  01-D-1467-E

Alabama Medicaid Agency, et al.
    Defendants,

**TO:** (Name and address of defendant)
Michael Lewis
501 Dexter Avenue
P. O. Box 5624
Montgomery, Al.  36102



**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Joe Donald Mangrum (pro se)
P. O. Box 762
Camp Hill, Al.  36850-0762
Phone (205) 896-4080

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Debra P. Hackett, Clerk

CLERK

1 7 02

DATE

(BY) DEPUTY CLERK

*Attachment A*

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

FILED

DEC 13 2001

CLERK
U. S. DISTRICT C.
MIDDLE DIST. OF
MONTGOMERY,

_Joe D. Mangum_ )
Full name and prison number )
of plaintiff(s) )
)
v. )
)
_michael lewis._ )
_Ala medicaid Agency_ )
)
_____ )
)
_____ )
)
Name of person(s) who violated )
your constitutional rights. )
(List the names of all the )
persons.) )

CIVIL ACTION NO. $01-D-1467-E$
(To be supplied by Clerk of
U.S. District Court)

I.    PREVIOUS LAWSUITS
    A.    Have you begun other lawsuits in state or federal court
          dealing with the same or similar facts involved in this
          action?  YES (  )  NO ( X )

    B.    Have you begun other lawsuits in state or federal court
          relating to your imprisonment?  YES (  )  NO ( X )

    C.    If your answer to A or B is yes, describe each lawsuit
          in the space below.  (If there is more than one lawsuit,
          describe the additional lawsuits on another piece of
          paper, using the same outline.)

          1.    Parties to this previous lawsuit:

                Plaintiff(s) _Joe D. mangum_

                Defendant(s) _michael lewis._
                _Alabama medicaid Agency_

          2.    Court (if federal court, name the district; if
                state court, name the county) _____



**U.S. Department of Justice**

**Civil Rights Division**

_Disability Rights Section_
_P O Box 66738_
_Washington, DC 20035-6738_

July 13, 2001

Joe D. Mangrum
PO Box 762
Camp Hill, AL 36850

    Re: <u>Your correspondence dated 7/2/01</u>

Dear Mr. Mangrum:

  The Disability Rights Section of the Civil Rights Division has received your correspondence.

  This Section enforces titles I, II and III of the Americans with Disabilities Act (ADA) of 1990.  Title I of the ADA protects individuals with disabilities from discrimination in employment.  The Justice Department has jurisdiction only with respect to State or local government employers.  The Equal Employment Opportunity Commission (EEOC) has jurisdiction for private employers.  Title II of the ADA protects individuals with disabilities from discrimination in all of the services, programs and activities of State and local government entities.  Title III protects individuals with disabilities from discrimination by most privately owned businesses that offer goods and services to the public.

  We have carefully reviewed your allegations and have determined that the circumstances you describe do not raise an issue that we are able to address.  Therefore, we are taking no further action with respect to your correspondence.  In addition, we are not aware of another Federal agency with authority to handle this matter.  You may wish to consult with a private attorney to determine whether any redress can be achieved through the legal process.

_Chrono:_



**DEPARTMENT OF HEALTH & HUMAN SERVICES**    Health Care Financing Administration

7500 SECURITY BOULEVARD
BALTIMORE MD 21244-1850

FAQF31
85778 & 87021

AUG   3 200?

Mr. Joe Donald Mangrum
P.O. Box 762
Camp Hill, Alabama  36850

Dear Mr. Mangrum:

I am responding to your letters to the Centers for Medicare & Medicaid Services
(CMS), formerly the Health Care Financing Administration regarding your
Medicaid benefits.

Your concerns about the Medicaid Program not covering your prescription drugs
comes under the jurisdiction of the States.  Therefore, I have forwarded your
letters of July 9th and July 25th to the Alabama State Medicaid Agency.  They
would be in the best position to address your concerns regarding this matter.  The
address is:  Mr. Michael Lewis, Commissioner, Alabama Medicaid Agency, 501
Dexter Avenue, P.O. Box 5624, Montgomery, Alabama  36103.  The telephone
number is (334) 242-5600.

I hope this information is helpful to you.

Sincerely.

Linda Winazak
Linda Winazak
Health Insurance Specialist
(410) 786-1158

*The Health Care Financing Administration (HCFA) was renamed to the Centers for Medicare & Medicaid Services (CMS). We are exercising fiscal restraint by exhausting our stock of stationery.*



MEDICARE
Part B    -866-539-5598
www.almedicare.com

patient

Cahaba Government Benefit Administrators ▪ A Division of Blue Cross and Blue Shield of Alabama
Independent Licensee of The Blue Cross and Blue Shield Association ▪ P.O. Box 830140 ▪ Birmingham, AL
HCFA Contracted Carrier



**MEDICARE**
Part B • 1-866-539-5598
www.almedicare.com

November 20, 2001


Joe Mangrum
P.O. Box 762
Camp Hill, AL 36850-0762

Beneficiary Name:  Joe Mangrum
Medicare Number: 420765284A

Dear Mr. Mangrum:

Thank you for your letter we received on November 8, 2001.  You were asking about coverage for <u>prescription drugs.</u>

There are certain services for which Medicare does not provide benefits.  Generally, Medicare does not cover prescription or non-prescription drugs purchased by or dispensed to a <u>patient.</u>

This letter may be used as a denial for these services.  The Medicare Handbook explains the services covered through the Medicare program.  If you did not receive your copy of the Medicare Handbook, please contact us at the following address:

Beneficiary Services
P. Box 1921
Birmingham, Alabama 35201-1921

If you have further questions, please call our Customer Service Department at 1-800-292-8855.

Sincerely,

*Jinnie E. McDonald*

Jinnie McDonald
Correspondence Representative
Beneficiary Services

Cahaba Government Benefit Administrators • A Division of Blue Cross and Blue Shield of Alabama,
An Independent Licensee of The Blue Cross and Blue Shield Association • P.O. Box 830140 • Birmingham, AL 35283-0140
A HCFA Contracted Carrier.



# Medicare Summary Notice

**MEDICARE • MEDICAID**
Health Care Financing Administration

January 19,

## CUSTOMER SERVICE INFORMATION

**Your Medicare Number:** ▮▮▮▮▮▮▮▮A

Illuldlulalaldldlulllaulaadalllauldlluuldldldl
JOE D MANGRUM
PO BOX 762
CAMP HILL AL 36850-0762

If you have questions, write or call:
**Medicare, Part B**
**Post Office Box 1921**
**Birmingham, AL 35201-1921**

**Local: (205) 988-2244**
**Toll free: 1-800-292-8855**
**TTY for Hearing Impaired: (205) 733-4694**
**TTY for Hearing Impaired: 1-800-257-338**

**HELP STOP FRAUD:** Do not sell your Medicare
number or Medicare Summary Notice.

This is a summary of claims processed from 12/20/2000 through 01/19/2001.

## PART B MEDICAL INSURANCE - ASSIGNED CLAIMS

| Dates of Service | Services Provided | Amount Charged | Medicare Approved | Medicare Paid Provider | You May Be Billed | See Notes Section |
|---|---|---|---|---|---|---|
| Claim number 00346303999000 | | | | | | |
| EAST AL MENTAL HEALTH CTR, 2506 LAMBERT DR, OPELIKA, AL 36801-7237 | | | | | | |
| 11/28/00 | 1  Visit for drug monitoring (M0064) | $32.50 | $21.23 | $16.98 | $4.25 | |

## Notes Section:

a   This information is being sent to Medicaid.  They will review it to see if additional benefits
can be paid.

## Deductible Information:

You have met the Part B deductible for 2000.

## General Information:

You have the right to make a request in WRITING for an itemized statement which details each
Medicare item or service which you have received from your physician, hospital, or any other health
supplier or health professional.  Please contact them directly, IN WRITING, if you would like an
itemized statement.

Get a mammogram -- A picture can save your life.  Your physician or carrier can provide
information on this Medicare covered service.

## THIS IS NOT A BILL - Keep this notice for your records.

0126097                                                                                                    10190592162

 **Medicare Summary Notice**

MEDICARE · MEDICAID
Health Care Financing Administration

November 21, 2

## CUSTOMER SERVICE INFORMATION

**Your Medicare Number:**  A

JOE D MANGRUM
PO BOX 762
CAMP HILL AL 36850-0762

If you have questions, write or call:
**Medicare, Part B**
Post Office Box 1921
Birmingham, AL 35201-1921

Toll free: 1-800-292-8855
TTY for Hearing Impaired: (205) 733-469
TTY for Hearing Impaired: 1-800-257-338

**HELP STOP FRAUD:** Do not sell your Medicare number or Medicare Summary Notice.

This is a summary of claims processed from 10/22/2001 through 11/21/2001

## PART B MEDICAL INSURANCE - ASSIGNED CLAIMS

| Dates of Service | Services Provided | Amount Charged | Medicare Approved | Medicare Paid Provider | You May Be Billed | See Notes Section |
|---|---|---|---|---|---|---|
| Claim number 01276302502000 | | | | | | |
| EAST AL MENTAL HEALTH CTR, 2506 LAMBERT DR, OPELIKA, AL 36801-7237 | | | | | | a |
| 09/04/01 | 1 Visit for drug monitoring (M0064) | $32.50 | $22.50 | $18.00 | $4.50 | |

## Notes Section:

a This information is being sent to Medicaid. They will review it to see if additional benefits can be paid.

## Deductible Information:

You have met the Part B deductible for 2001

## General Information:

You have the right to make a request in WRITING for an itemized statement which details each Medicare item or service which you have received from your physician, hospital, or any other health supplier or health professional. Please contact them directly, IN WRITING, if you would like an itemized statement.

Get a mammogram -- A picture can save your life. Your physician or carrier can provide information on this Medicare covered service.

## THIS IS NOT A BILL - Keep this notice for your records.

0136140                                                                                     13250636562

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

[ F I L E D ]

JUL 1 2 2002

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

JOE D. MANGRUM,                    )
                                   )
        Plaintiff,                 )
                                   )
vs.                                )          CIVIL ACTION NO. 01-D-1467-E
                                   )
THE ALABAMA MEDICAID               )
AGENCY, ET AL.,                    )
                                   )
        Defendants.                )

# O R D E R

Upon CONSIDERATION of the Recommendation of the Magistrate Judge, filed July 1,

2002; and defendant's objections thereto, filed July 9, 2002, it is

ORDERED as follows:

1. That plaintiff's objections be and the same are hereby OVERRULED;

2. That the Recommendation of the Magistrate Judge be and the same is hereby ADOPTED,

APPROVED and AFFIRMED;

3. That defendant's motion to dismiss be and the same is hereby GRANTED; and,

4. That this action be and the same is hereby DISMISSED.

DONE this the ___12TH___ day of July, 2002.

_____
SENIOR UNITED STATES DISTRICT JUDGE

EOD  7/12/02



Attachment B

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

[FILED]

JUN 1 2002

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

JOE D. MANGRUM,                        )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )        CIVIL ACTION NO. 01-D-1467-E
                                       )
THE ALABAMA MEDICAID AGENCY,           )
et al.,                                )
                                       )
        Defendants                     )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Joe Donald Mangrum, appears *pro se* in this action. Plaintiff asserts that the

Alabama Medicaid Agency discriminated against him on the basis of his disability by failing

to pay for plaintiff's prescription medications at the East Alabama Mental Health Center

from 1994 through September 2001. Construing plaintiff's complaint liberally, as it is

required to do, the court previously construed plaintiff's claim as one brought pursuant to

Title II of the Americans with Disabilities Act, which generally prohibits discrimination on

the basis of disability by a public entity as to services, programs or activities of the public

entity. See 42 U.S.C. § 12132  This action is presently before the court on defendant's

motion for summary judgment  Plaintiff filed a response to the motion on June 4, 2002.

Upon consideration of the motion and plaintiff's response, the court concludes that the

motion is due to be granted.

## BACKGROUND

The Qualified Medicare Beneficiary (QMB) program is a limited Medicaid program,



under which Medicaid pays Part B Medicare premiums, deductibles, and co-insurance payments for qualified beneficiaries. The QMB program does not cover medications. Plaintiff applied for the QMB program on February 28, 1994 and was determined to be eligible based on his financial status. At that time, he was not eligible for other Medicaid programs. Plaintiff's eligibility was reviewed annually, and he remained eligible for the QMB program. Over the years, defendant received a number of letters from plaintiff, appearing to complain about non-coverage of his medications. In 2001, defendant reviewed plaintiff's file in order to respond to one of his complaints. In the course of that review, defendant determined that plaintiff might then be eligible for another Medicaid program, based on his income having become lower than the Supplemental Security Income (SSI) standard for that year.[1] Consequently, defendant mailed plaintiff an application for the Continuous Medicaid program, a comprehensive program which includes coverage of medication. Plaintiff returned the application on December 12, 2001. On January 17, 2002,

---

[1] Betty Chapman, a Medicaid Eligibility Manager for defendant, explains that:

Continuous ("C") coverage . . . has a complicated formula for determination. You had to have received and be eligible for SSI and SS the same month. Your income from Social Security is frozen at the level it was the last time you received SSI. Your current income must be less than the current SSI standard for any given year, disregarding the cost of living increases, for you to be eligible for "C" coverage. Mr. Mangrum last received SSI in 1994. Therefore his income from Social Security for eligibility consideration was frozen at that level. Each subsequent year his income would have had to be less than the SSI standard for that particular year for him to be eligible for "C" coverage. Often it is many years before an individual's income limit finally becomes less than the current SSI standard. That was the case with Mr. Mangrum.

(Chapman aff., p. 3).

2

plaintiff was determined to be eligible for the program  This application was the first application plaintiff had completed since 1994 and was the first time he was determined to be eligible for coverage other than that provided under the QMB program. The Continuous Medicaid program permits retroactive coverage up to three months from the date of application, so plaintiff's coverage was effective September 1, 2001  (Chapman aff.)

## THE SUMMARY JUDGMENT STANDARD

A party seeking summary judgment bears the initial burden of demonstrating to the court the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions that it believes show an absence of any genuine issue of material fact.  Hairston v. Gainesville Publishing Co., 9 F.3d 913 (11th Cir. 1993). In Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the Court held that if a party opposing summary judgment "fails to make a showing sufficient to establish the existence of an element essential to their party's case, and on which their party will bear the burden of proof at trial," summary judgment shall be granted

> [W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue . . . Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial. . . We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment. . . . Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56 except the mere pleadings themselves. . . ."

Id. at 324.

3

For summary judgment purposes, an issue of fact is "material" if it is a legal element of the claim, as identified by the substantive law governing the case, such that its presence or absence might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Matsushita Electrical Industrial Company v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The court must view the evidence, and all factual inferences properly drawn from the evidence, in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992); Rollins v. TechSouth, Inc., 833 F.2d 1525, 1528 (11th Cir. 1987). It is improper for this court to weigh conflicting evidence or make credibility determinations; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255. Where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989) (citation omitted).

## DISCUSSION

42 U.S.C. § 12132 provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." The elements of a claim under this provision are: (1) that plaintiff is a qualified

4

individual with a disability; (2) that he was excluded from participation in or denied the benefits of the services, programs or activities of a public entity or otherwise discriminated against by the entity; (3) because of such disability. Shotz v. Cates, 256 F.3d 1077, 1079 (11th Cir. 2001).

Defendant argues, *inter alia*, that plaintiff cannot establish the first element – that he is a qualified individual with a disability – because he cannot demonstrate that he was eligible for any Medicaid program other than the QMB prior to his recently approved application for Continuous Medicaid program. "The term 'qualified individual with a disability' means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices . . ., *meets the essential eligibility requirements for* the receipt of services or the *participation in programs* or activities provided by a public entity." 42 U.S.C. 12131(2)(emphasis added).

Plaintiff complains that defendant failed to pay for his prescription drugs at East Alabama Mental Health Center from 1994 through 2001. Defendant has introduced evidence that plaintiff did not receive prescription drug coverage because he was not eligible for such coverage due to his income. Plaintiff has not presented evidence demonstrating the existence of a genuine issue of material fact on this issue. The court concludes that plaintiff did not meet the essential eligibility requirements for the receipt of prescription drug coverage through the Continuous Medicaid program and, therefore, that he was not a "qualified individual with a disability" as required to support his claim.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge

that defendant's motion to dismiss be GRANTED, and that this action be DISMISSED.

DONE, this ___/12___ day of ~~June~~ July, 2002.


SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

6

CIVIL ACTION NO. 01-D-1467-E

## ORDER

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve by mail a copy thereof on the parties to this action. The parties are DIRECTED to file any objections to the said Recommendation within a period of 13 days from the date of mailing to them. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982). See Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982). See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981

DONE, this 12 day of July, 2002.


_____
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE