In the United States District Court for the Middle District of Alabama. Eastern Division

(I)

Joe D. Mangrum,
  plaintiff,
V.
Alabama Medicaid Agency
And Commissioner of the
Ala-Medicaid Agency,
  Defendant, Et AL,

Civil Action NO: #
3:06-CV-952-MEF.

RECEIVED
2006 NOV 27 A 10:38
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN Federal Rules of Civil procedure, IN Rules 44). Now U.S. magistrate Judge, Charles S. Coody, of the Court, Also ordered the plaintiff shall Show Cause why this Case should not Be Dismissed As Barred By the Doctrine of Res Judicata. Now Defendant Commissioner AND Alabama Medicaid Agency. For Alleged failure to paid for the plaintiff prescription drug at the pharmacy from Dec 23, 1993, or Back to this Dated January 17, 2002, under the Medicare AND Medicaid (HMO) primary insurance Amount (PIA), Coverages Act of 1988, IN public law, 100-360). plaintiff further Alleged discrimination By the Defendant of the Ala-Medicaid Agency or programs. under Title II.                see Also.
Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, (1976). see, Bounds v. Smith, 430 U.S. 817, 821, 97 S.Ct. 1491, (1977),

And III of the Americans with Disability Act of 1990. 42 U.S.C. § 12101 Et Seq). 45 C.F.R. part 84 (Department of Health And Human Services), 28 C.F.R. § 42.501 Et Seq), for this failure to pay for the plaintiff prescription drugs. At the pharmacy from December 23, 1993, on back to this dated January 17, 2002, Author: T.W. Schremser, Director, E/D Certification Division. Statutory Authority: Social Security Act, Titles XVI And XIX; 1902(R)(2); 20 C.F.R. § 401, Et Seq; State plan; And public law 100-203, Section 9103; And the medicare catastrophic coverage Act of 1988 (P.L. 100-360, Section 301); 20 C.F.R. §§ 416.1217; 42 C.F.R. § 401, Et Seq); State plan; 26 C.F.R. § 20.2031-7, 20 C.F.R. § 416.1218. Now the Alabama medicaid programs And Agency. Also paid for Mary Lois Mangrum. prescription drugs at the pharmacy Dec 23, 1993, on back to 1996. Mary Lois Mangrum, S.S.N. # 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.

plaintiff Requests that This Court Grant his motion. By the Defendants Commissioner of the Alabama medicaid Agency AND programs, IN This Cases on the Basis that There is AN Genuine issue of material fact AND the plaintiff is Entitled to Judgment as a matter of law on the following Ground; AND the Defendants Commissioner AND the Alabama medicaid Agency, Also violation the plaintiff of his Fifth AND Fourteenth Amendments Rights as well as the Equal protection Due process clause of the "Alabama States law" AND "Title VI of the Civil Rights Act of 1964, as Amended IN Title VII, Alabama Code 13-A-9-3, IN Sections 13-A-10-102, Act of 2006, By failure to paid for the plaintiff prescription Drugs, at the pharmacy from Dec 23, 1993, on Back to This Date January 17, 2002, A violation By the Defendants IN Title VII of the Consumer protection Act of 1974, A violation By the Commissioner of the Alabama medicaid Agency Against plaintiff under the federal old-Age AND Survivors

insurance (OASI) Trust Fund Act of 1970, AND under the Federal Disability insurance (DI) Trust Fund Act of Dec 23 1993 AND under the Social Security Trust Fund Act of Dec 23, 1993, AND under the Federal Hospital insurance (HI) Trust Fund Act of Dec 23, 1993, they Can Be used only to pay Benefits the Cost of Rehabilitation Services, AND Administrative Expenses, money Not immediately needed for these purposes is By law invested IN obligations of the Federal Government, which must pay interest on the money Borrowed AND must Repay the principal when the obligations Are Redeemed or mature, under the Congressional Budget Act of 2006, under public law, 93-344), the U.S. magistrate Judge's of the Court Also Know Because of the plaintiff poverty he is unable to pay the Costs of Said proceeding for AN Attorneys to Represented the plaintiff IN this pending Civil Action Case; As Amended IN Federal Rules of

Evidence, IN Rules 706). Courts Appointed Experts Attorneys, or Counsel to Represented the plaintiff IN this Cases, under the plaintiff Sixth Amendment Rights to Counsel, see Also, Stickland V. Washington, (1984). As Congress Amended IN Federal Rules of Criminal procedures, IN Rules 32). Sentence AND Judgment Against the Defendants, AND Alabama-medicaid Agency, the Relationship Between the (ADA) AND State of Alabama-medicaid Agency AND local law. 28 C.F.R. § 35.103), AND 28 C.F.R. § 35.134), AND 28 C.F.R. § part 35 AND 36), AND 28 C.F.R. § 35.170). for injunctive Relief. 42 U.S.C. § 12133), AND 28 C.F.R. § 35.175). the Commission AND Alabama-medicaid Agency, Also, Violation the plaintiff of lee's Constitutional law. 751-Administrative procedures-Due process- length of Deprivation the plaintiff out of medicaid Coverages AND Assistance to paid for the plaintiff prescription Drugs at the pharmacy from Dec

23, 1993, on Back to this Dated January 17, 2002, under the medicare And medicaid (HMO)S primary insurance Amount (PIA), Coverages Act of Dec 23, 1993, under public law, 100-360). Now psychartrist DR. Rohini K, Reddy, At the Nan Coley Murphy Center (TCC), 1870 Alabama Highway 22, West, Alexander City, Alabama 35010, Can Give A Testimony that the plaintiff Also Recived his 5 M.G. of Trifluoperazine medication From January 07, 1994, on Back to this Dated January 17, 2002, what the Alabama medicaid Agency Also failure to paid for the plaintiff prescription Drugs at the pharmacy From Dec 23, 1993, on Back to this Dated January 17, 2002, under the medicare And medicaid (HMO)S primary insurance Amount (PIA), Coverages Act of Dec 23, 1993, under public law, 100-360).

<u>Conclusions.</u>
<u>proof of Services</u>

plaintiff Hereby Certify that He Have Served A copy of this foregoings motion upon Defendants Counsel, Alabama medicaid Agency, 501 Dexter Avenue,

P.O. # Box #5624, Montgomery, Alabama 36103. on this 27th days of November, 2006, By placing Same IN the U.S. mail prepaid postages, property Addressed to the Defendant Counsel.

Respectfully Submitted.
Joe Donald Mangrum,
P.O. # Box #762
Camp Hill, Alabama 36850

see, Wolff V. McDonnell, 418 U.S. 539, 559,-63, 94 S.Ct. 2963, (1974), Quoted, Hewitt V. Helms, U.S. 103 S.Ct. 864, 871, (1983).

under the HR. 1517 of the Social Security Benefits Tax Relief Act of 2005.

As Congress Amended IN Federal Rules of civil procedures, IN Rules 66, Receivers Appointed By Federal Court to Represented the plaintiff IN the Civil Action Case NO: 3:06-CV-952-MEF. plaintiff is Also forwarded into the Court Exhibit (C), AND Also Exhibit (D).

Exhibit (C)



U.S. Department of Justice

Civil Rights Division



*Exhibit (W)*

---

Disability Rights Section - NYA
950 Pennsylvania Avenue N.W.
Washington, DC 20530

204-02-0

SEP 2 5 2006

Dr. Mark McClellan, Administrator
Center for Medicare and Medicaid Services
Department of Health and Human Services
200 Independence Avenue, S.W.
Room 314G Humphrey Building
Washington, D.C.  20201

Re:  Correspondence of Joe D. Mangrum, Camp Hill, AL.

Date Received by DOJ:    September 8, 2006
DOJ Number:              204-02-0
Date Original Correspondence Referred by DOJ:  Sept. 5, 2006
(additional information to CTS #255372)

Dear Dr. McClellan:

   I am referring additional correspondence relating to this complaint to your office for appropriate disposition.  I am also sending the complainant a copy of this letter so he/she will know how to contact you.

   Thank you for your assistance in this matter.

                              Sincerely,

                              Robin C. Deykes
                              Civil Rights Program Analyst
                              Disability Rights Section
                              Civil Rights Division

Enclosures

cc:
Joe D. Mangrum
P.O. Box 762
Camp Hill, AL.  36850