IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOE DONALD MANGRUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.  3:06cv952-MEF |
| ) | |
| ALABAMA MEDICAID AGENCY and ) | |
| COMMISSIONER OF THE ALABAMA ) | |
| MEDICAID AGENCY, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Liberally construing his complaint as the court is required to do, the court concludes that *pro se* Joe Donald Mangrum ("Mangrum") brings this action pursuant to Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, alleging that he has been discriminated against because of his disability.[1]  Specifically, Mangrum claims that the defendants have refused to pay for his prescription medication from December 23, 1993 until January 17, 2002.  Mangrum names the Alabama Medicaid Agency and the Commissioner of the Alabama Medicaid Agency as defendants in this action.  The court has jurisdiction of the plaintiff's claims pursuant to its federal question jurisdiction, 28 U.S.C. § 1331, and the jurisdictional grant in 42 U.S.C. § 2000e-5.

---

[1]  42 U.S.C. § 12132 provides as follows:

Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

This action is presently before the court on the motion to dismiss filed by the defendants on November 14, 2006. (Doc. # 9). The plaintiff has filed a response to the motion to dismiss. (Doc. # 11). The plaintiff's response contains numerous references to cases and statutes that appear to have little to do with this litigation.[2] After careful review of the motion and the plaintiff's response, the court concludes that the defendants' motion to dismiss is due to be granted.

## DISCUSSION

The defendants assert that the plaintiff is barred by the doctrine of res judicata from bringing this claim because the claim and defendants in this action is identical to those in a case which was previously dismissed by this court. To the extent that the plaintiff's claim in this action alleges a different time period, the defendants assert that the claim could have been brought in the previous lawsuit. The court agrees that this matter is barred by the doctrine of res judicata.

In *I.A. Durbin, Inc. v. Jefferson National Bank*, 793 F.2d 1541 (11th Cir. 1986), the Court summarized the doctrine of res judicata as follows:

> Res judicata or claim preclusion refers to the preclusive effect of a judgment in foreclosing relitigation of matters that were litigated or could have been litigated in an earlier suit. ... In order for the doctrine of res judicata to bar a subsequent suit, four elements must be present: (1) there must be a final judgment on the merits; (2) the decision must be rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, must be

---

[2] For example, the plaintiff refers to *Estelle v. Gamble*, 429 U.S. 97 (1976) and *Bounds v. Smith*, 430 U.S. 817 (1977), as well as the Consumer Protection Act of 1974, the Federal Old Age and Survivors Insurance, and the Trust Fund Act of 1970.

identical in both suits; and (4) the same cause of action must be involved in both cases.

*I.A. Durbin*, 793 F.2d at 1549 (citations omitted).

**(1)    A Final Judgment by a Court of Competent Jurisdiction**

In *Mangrum v. Alabama Medicaid Agency, et al.*, Civ. Act. No. 3:01cv1467-ID (M.D. Ala. 2002), the plaintiff sued the Alabama Medicaid Agency and the Commissioner for failing to pay for his prescription medications from 1994 through September 2001. On July 12, 2002, the Court ordered that final judgment be entered in accordance with the Recommendation of the Magistrate Judge, and dismissed the case with prejudice. *See* Doc. 34. A review of that Recommendation shows that the dismissal was on the merits.[3] Thus, it is clear that the court's dismissal of the case was a final judgment on the merits and that the decision was rendered by a court of competent jurisdiction.

**(2)    Identical Parties**

Parties are "identical" for purposes of res judicata when they are the same or in privity with one another. *NAACP v. Hunt*, 891 F.2d 1555, 1561 (11th Cir. 1990). In *Mangrum v. Alabama Medicaid Agency, et al.*, Civ. Act. No. 3:01cv1467-ID (M.D. Ala. 2002), the plaintiff named the Alabama Medicaid Agency and Michael Lewis, the then-Commissioner of the Alabama Medicaid Agency. In the present lawsuit, the plaintiff names the Alabama Medicaid Agency and the Commissioner of the Alabama Medicaid Agency. Thus, the

---

[3] The court concluded that Mangrum failed to establish the first element of a claim under 42 U.S.C. § 12132, that he is a qualified individual with a disability. The court concluded that Mangrum did not demonstrate he met the essential eligibility requirements for participation in an applicable Medicaid program.

defendants in the present lawsuit are the same as, or in privity with, the defendants in the previous case.

**(3)   The Same Cause of Action**

In *Manning v. City of Auburn*, the Court summarized the law regarding when a cause of action is the same for purposes of res judicata as follows:

> In this circuit, the determination of whether the causes of action in two proceedings are the same is governed by whether the primary right and duty are the same. *Hunt,* 891 F.2d at 1561 (quoting *Kemp v. Birmingham News Co.,* 608 F.2d 1049, 1052 (5th Cir. 1979)); *I.A. Durbin, Inc. v. Jefferson Nat'l Bank,* 793 F.2d 1541, 1549 (11th Cir. 1986). The test is one of substance, not form. *I.A. Durbin,* 793 F.2d at 1549. Res judicata applies "not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same 'operative nucleus of fact.'" *Hunt,* 891 F.2d at 1561 (despite variations in legal theories used and remedies sought, second suit barred because wrongful act in both cases was flying Confederate flag atop state capitol) (quoting *Olmstead v. Amoco Oil Co.,* 725 F.2d 627, 632 (11th Cir. 1984)); *Jaffree v. Wallace,* 837 F.2d 1461, 1468 (11th Cir. 1988) (second suit barred because "[b]oth cases raised first amendment (free exercise and establishment clause) challenges to use of textbooks and teachings on various subjects"); *Nilsen v. City of Moss Point,* 701 F.2d 556, 560 (5th Cir. 1983) (section 1983 action against city that refused to hire plaintiff as firefighter due to her sex precluded by earlier Title VII action on same facts).

953 F.2d 1355, 1358-59 (11th Cir. 1992).

The plaintiff specifically asserts that the defendants failed to pay for his prescription medication from "December 23, 1993 on back to this dated (sic) January 17, 2002." (Compl. at 1). On January 17, 2002, the plaintiff submitted exhibits and other evidence in support of his complaint referencing the defendants' failure to pay for his prescription medication. "Res judicata acts as a bar 'not only to the precise legal theory presented in the previous litigation,

but to all legal theories and claims arising out of the same operative nucleus of fact.'" *Pleming v. Universal-Rundle Corp.*, 142 F.2d 1354, 1356 (11th Cir. 1998).

More importantly, the issue in the prior litigation is identical to the issue raised in this lawsuit. The court therefore concludes that the plaintiff's claims concerning the defendants' failure to pay for his prescription medication in the present action are barred by the doctrine of res judicata and should be dismissed. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **January 21, 2007.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 8th day of January, 2007.

                /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE